**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 98-10151
Summary Calendar
_____

CARL RICHARDSON,

Plaintiff-Appellee,

VERSUS

SALVATION ARMY, SOUTHERN TERRITORY, USA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-1594-G
- - - - - - - - - -
October 2, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

The Salvation Army appeals the default judgment in favor of
Carl Richardson and the denial of its Motion to Set Aside Default
Judgment and Motion for Reconsideration. The district court
denied the motion to set aside, stating that the Salvation Army
failed to show excusable neglect or a meritorious defense. The
Motion for Reconsideration was denied without reasons.

A motion to set aside a default judgment filed within ten
days of the entry of the default judgment, such as this one was,
is construed as a motion to alter or amend judgment under Fed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

R. Civ. P. 59(e). United States v. One 1988 Dodge Pickup, 959 F.2d 37, 40 (5th Cir. 1992). Appellate review of the denial of a motion to set aside a default judgment is for abuse of discretion. CJC Holdings v. Wright & Lato, 979 F.2d 60, 63 (5th Cir. 1992). When a default judgment precludes consideration of the merits of the case, "'even a slight abuse [of discretion] may justify reversal.'" Williams v. New Orleans Pub. Serv., Inc., 728 F.2d 730, 734 (5th Cir. 1984)(citation omitted). The party seeking to set aside the default judgment has the burden of showing good cause. CJC Holdings, 979 F.2d at 63-64.

After a review of the record, the briefs, and the applicable law, we hold that the district court did not abuse its discretion in finding that the Salvation Army did not carry its burden of showing good cause for the motion to set aside. We also hold that the Salvation Army has abandoned any challenges to the district court's denial of the Motion for Reconsideration and refusal to consider any additional evidence submitted with it because of a failure to brief the topic. See Yohey v. Collins, 985 F.2d 222, 224-225 (5th Cir. 1993)(arguments must be briefed to be preserved for appeal).

We do hold, however, that it was an abuse of discretion for the district court to enter default judgment without a hearing on the amount to be awarded. The clerk may enter a default judgment if the plaintiff's claim is for a sum certain or a sum which can by computation be made certain. Fed. R. Civ. P. 55(b)(1). Otherwise, the district court is required to enter the judgment. Fed. R. Civ. P. 55(b)(2). Judgment by default cannot be entered

without a hearing unless the amount is liquidated or easily computable.  See United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979).

Although Richardson submitted the amount of damages and attorney's fees he feels he should be awarded through his attorney's affidavit, there is no support in the record and no method of determining the accuracy of those totals.  Mere statements of award values without any indication of how those amounts were reached cannot rise to the level of an amount liquidated or capable of mathematical calculation.  The court may rely on detailed affidavits or documentary evidence, supplemented by the judge's personal knowledge, to evaluate the proposed sum. James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993).  Absent any information of this type, the district court is required to hold a hearing to determine the appropriate awards for damages and attorney's fees, and a failure to do so is an abuse of discretion to be corrected on remand.


AFFIRMED IN PART; REVERSED AND REMANDED IN PART.